# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **CLINTON WILLIAMS** | § | |
| | § | |
| **v.** | § | **NO. 4:25-CV-00219-ALM-BD** |
| | § | |
| **ABCD RESTAURANTS AND** | § | |
| **HOSPITALITY LLC** | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Clinton Williams sued ABCD Restaurants and Hospitality LLC under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.* Dkt. 1; *see* 28 U.S.C. § 1331. ABCD Restaurants did not file a responsive pleading, so Williams moved for a default judgment. Dkt. 15. The court will recommend that the motion be granted.

## BACKGROUND

According to the complaint, Williams has impaired mobility. Dkt. 1 at 2. When he went to a property owned by ABCD Restaurants, branded as "One Stop," at 2716 K Avenue in Plano, Texas, *id.* at 3, 6, he discovered that it does not have any accessible parking spaces, handicap parking spaces, or handicap parking signs. *Id.* at 2–6. The absence of accessible parking spaces makes him unable to safely access One Stop, which allegedly puts ABCD Restaurants in violation of Title III of the ADA. *Id.* at 6.

Williams sued ABCD Restaurants and served its registered agent with a summons and a copy of the complaint. Dkts. 1 (complaint), 4 (executed summons and affidavit of service). ABCD Restaurants' registered agent filed a motion requesting that he be allowed to represent ABCD Restaurants. Dkt. 5. But the registered agent is not an attorney, and an entity may be represented only by an attorney, so that motion was not properly before the court. Dkt. 8 (citing *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–03 (1993)). The court struck it and ordered ABCD Restaurants to retain an attorney, warning that it would be subject to default if

it did not. *Id.* ABCD Restaurants' registered agent moved again for the same relief. Dkt. 10. The court again struck the motion and advised ABCD Restaurants that it could proceed only through an attorney. Dkt. 11. But ABCD Restaurants did not retain an attorney or file any responsive pleading. The clerk entered a default, Dkt. 14, and Williams moved for a default judgment, Dkt. 15.

## LAW

Federal Rule of Civil Procedure 55 explains how a plaintiff may obtain an entry of default and a default judgment. There are three steps. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant fails to plead or otherwise respond to the complaint within the time required by Rule 12. Fed. R. Civ. P. 55(a). Next, if the plaintiff establishes the defendant's default by affidavit or otherwise, the clerk makes an entry of default in the court record. *Id.* Finally, the plaintiff may apply for a default judgment either to the clerk, *id.* R. 55(b)(1), or to the court, *id.* R. 55(b)(2).

An application to the clerk is appropriate if the plaintiff's claim "is for a sum certain or a sum that can be made certain by computation." *Id.* R. 55(b)(1). In that scenario, "the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." *Id.*

If one or more of Rule 55(b)(1)'s conditions cannot be satisfied, "the party must apply to the court for a default judgment." *Id.* R. 55(b)(2). Rule 55(b)(2) grants the court wide latitude and discretion to enter a default judgment. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). In exercising that discretion, the court conducts a three-part analysis to determine (I) whether the entry of a default judgment is procedurally warranted, (II) whether the plaintiff's pleading supports a judgment on the merits, and (III) what relief, if any, is warranted. *Graham v. Coconut LLC*, No. 4:16-cv-00606-ALM, 2017 WL 2600318, at *1 (E.D. Tex. June 15, 2017).

On the third point, although a defaulting defendant admits the truth of the well-pleaded facts alleged in the complaint, *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir.

2015), it does not concede the truth of allegations concerning damages, *Jackson v. FIE Corp.*, 302 F.3d 515, 524–25 (5th Cir. 2002). The court may hold a hearing to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2); *Wooten*, 788 F.3d at 496. But when the issue of damages can be determined "with certainty by reference to the pleadings and supporting documents alone," a hearing is not required. *Frame v. S-H, Inc.*, 967 F.2d 194, 204 (5th Cir. 1992); *see also Tatum v. N.Y. Tribeca Grp. LLC*, No. 6:25-cv-00103-JDK-JDL (E.D. Tex. June 3, 2025) (explaining that a court need not "hold a hearing as long as it ensures there is a basis for the damages specified in a default judgment"), *report and recommendation adopted,* 2025 WL 1864961 (E.D. Tex. July 7, 2025).

## DISCUSSION

### I.  Procedural Sufficiency

To determine whether a default judgment is procedurally warranted, the court considers six factors:

> [1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Each of those factors favors Williams.

First, ABCD Restaurants' default admits the well-pleaded factual allegations in the complaint. *See Nishimatsu Constr. Co. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Second, ABCD Restaurants' failure to defend itself has substantially prejudiced Williams by preventing him from litigating his claims on the merits and therefore delaying resolution of the case. *See Viridity Energy Sols., Inc. v. Lone Star Demand Response, LLC*, No. 4:21-cv-00419-SDJ, 2022 WL 4004785, at *3 (E.D. Tex. July 12, 2022).

Third, Williams's grounds for default are clearly established. ABCD Restaurants' registered agent was personally served with a summons and a copy of the complaint. Dkt. 4. As an entity, ABCD Restaurants is not a minor, incompetent person, or active-duty servicemember. *See* 50

U.S.C. § 3931; Fed. R. Civ. P. 55(b)(1); *Blanton v. Cobra Enters. of Utah, Inc.*, No. 3:18-cv-00765-M, 2019 WL 7841085, at *2 (N.D. Tex. Sept. 23, 2019). The court gave ABCD Restaurants two chances to retain counsel, Dkts. 8, 11, and warned it that it would be subject to default if it failed to do so, Dkt. 8. ABCD Restaurants had eight months to obtain counsel and was put on notice five months ago that the court expected Williams to seek a default judgment. *See* Dkts. 8 (ordering ABCD Restaurants to obtain counsel), 14 (ordering Williams to move for a default judgment to avoid dismissal of his lawsuit for failure to prosecute). ABCD Restaurants' failure to retain counsel clearly establishes grounds for a default judgment. *See, e.g.*, *United States v. Trowbridge*, No. 9:14-cv-138-MHS-KFG, 2015 WL 5334267, at *1–2 (E.D. Tex. Sept. 10, 2015).

Fourth, nothing in the record suggests that ABCD Restaurants' failure to defend itself was the result of a good-faith mistake or excusable neglect.

Fifth, a default judgment would not be unduly harsh. ABCD Restaurants had sufficient opportunity to hire counsel and defend itself. "Its failure to do so mitigates the harshness of a default judgment." *Adams v. Chime Sols., Inc.*, No. 3:23-cv-1482-S, 2024 WL 4137263, at *6 (N.D. Tex. Aug. 14, 2024), *report and recommendation adopted,* 2024 WL 4139646 (N.D. Tex. Sept. 9, 2024).

Finally, no record evidence suggests that the court would think itself obliged to set aside the default on ABCD Restaurants' motion.

## II. Substantive Sufficiency

To warrant a default judgment, a complaint must meet the applicable pleading standard. *See Wooten*, 788 F.3d at 497–98. That is to say, it must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of that requirement is to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations must "be enough to raise a right to relief above the speculative level." *Id.*

As noted, the well-pleaded facts in the complaint are admitted by the defendant's default. *Nishimatsu*, 515 F.2d at 1206. "Conceptually, then, a motion for default judgment is like a reverse

4

motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). But the scope of review is different. Although a Rule 12(b)(6) motion requires the court to consider only the complaint and anything attached to or referenced in it or a response, *see Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022), Rule 55(b)(2) permits the court to consider evidence gathered through various means, *see Wooten*, 788 F.3d at 497 (considering the complaint and the evidence introduced at a hearing).

Williams alleges that ABCD Restaurants violated Title III of the ADA. Dkt. 1. To state a claim under Title III, Williams must show that (A) he "has a disability," (B) One Stop "is a 'public accommodation,'" and (C) he "was denied full and equal treatment because of his . . . disability." *Greer v. EDK Allen II LP*, No. 4:10-cv-1, 2011 WL 1656406, at *3 (E.D. Tex. Mar. 8, 2011), *report and recommendation adopted,* 2011 WL 1696890 (E.D. Tex. May 2, 2011). Williams has made each of those showings.

### A.  Williams has a disability

A disability is "a physical or mental impairment that substantially limits one or more major life activities," "a record of such an impairment," or "being regarded as having such an impairment." 42 U.S.C. § 12102(1). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* § 12102(2)(A).

Williams alleges that he has "significant mobility impairments," "has a disabled placard on his vehicle as issued by the State of Texas," and "is a 'qualified individual with a disability' within the meaning of ADA Title III." Dkt. 1 at 2. Those allegations are sufficient to establish, for purposes of a default judgment, that Williams has a disability. *See Apac v. MEH Props. Inc.*, No. EP-24-cv-127-KC, 2024 WL 4647640, at *5 (W.D. Tex. Nov. 1, 2024) (finding that a plaintiff was disabled because "he was given a 'disabled placard' for his vehicle 'issued by the State of Texas'"); *Salinas v. Collier*, No. 1:20-cv-00181-BU, 2024 WL 3251715, at *18 (N.D. Tex. Feb. 2, 2024) (finding that "mobility impairments" are disabilities), *report and recommendation adopted,* No. 1:20-cv-00181-H,

2024 WL 3092435 (N.D. Tex. June 20, 2024), *aff'd,* No. 24-10802, 2025 WL 1218185 (5th Cir. Apr. 28, 2025); *Hanks v. Olivarez*, No. 3:18-cv-2435-S, 2019 WL 13472193, at *5 (N.D. Tex. May 24, 2019) (finding that a plaintiff was disabled because he pleaded that he "is disabled as defined by the ADA").

### B.  One Stop is a public accommodation

A "public accommodation" is a private entity that falls into one of 12 enumerated categories of businesses. 42 U.S.C. § 12181(7). Those include "a restaurant, bar, or other establishment serving food or drink," a "gas station," and a "service establishment" similar to "a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, [or] hospital." *Id.*

Williams alleges that ABCD Restaurants "owns, manages, controls, and leases the improvements and building where [One Stop] is situated" and that One Stop "is a place of public accommodation." Dkt. 1 at 2–3. Williams does not state what kind of business One Stop is, but his complaint attaches three photos of it. *Id.* at 5–6. The photos show that One Stop is a "gas station" that "serv[es] food [and] drink" and provides "other service[s]" such as money orders. Dkt. 1 at 5–6. That makes it a public accommodation. *See Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (holding that a complaint plausibly alleges patent infringement because attached photos supported a claim that the accused products were infringing).

### C.  Williams was denied full and equal treatment

Discrimination under Title III is an act that denies a person "the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation" on the basis of disability. 42 U.S.C. § 12182(a). Discriminatory acts include: (1) "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford . . . accommodations to individuals with disabilities," *id.* § 12182(b)(2)(A)(ii); (2) "with respect to a facility or part thereof that is altered, . . . a failure to

make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities," *id.* § 12183(a)(2); and (3) "a failure to remove architectural barriers . . . where such removal is readily achievable," *id.* § 12182(b)(2)(A)(iv). Williams alleges that ABCD Restaurants' failure to provide accessible parking spaces violates all three of those provisions.

He may not be right as to the first two. He has not identified a "polic[y], practice[], or procedure[]" that ABCD Restaurants failed to modify, *id.* § 12182(b)(2)(A)(ii); the absence of accessible parking is a physical feature, not a policy, practice, or procedure, unless the plaintiff alleges that a failure to provide accessible parking is a uniform practice across multiple locations, *Apac*, 2024 WL 4647640, at *6–7. And the "alterations" provision of Title III applies only to facilities that underwent an alteration after the Act's effective date. *Kennedy v. Wichita Cnty. Heritage Soc'y*, No. 7-06-cv-124-AH, 2008 WL 2511755, at *2 (N.D. Tex. June 23, 2008). Williams does not allege that One Stop underwent any modifications.

But the court need not decide whether Williams could prevail on those theories because he adequately alleges that ABCD Restaurants failed to remove architectural barriers. "Courts overwhelmingly consider non-accessible parking spots 'architectural barriers.'" *Apac*, 2024 WL 4647640, at *7. Williams alleges that ABCD Restaurants failed to create accessible parking spaces, so he has sufficiently pleaded that ABCD Restaurants failed to remove architectural barriers and discriminated within the meaning of Title III. *See id.* at *8; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that a complaint plausibly alleges a claim when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

## III. Relief

Williams's complaint requests a declaratory judgment "specifying the rights of individuals with disabilities to access the goods and services at [ABCD Restaurants'] location," Dkt. 1 at 9, a permanent injunction, attorney's fees, and costs, *id.* at 8–9. Williams has sufficiently shown entitlement to all but the first of those categories of relief.

### A.  Declaratory judgment

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Before granting a request for declaratory relief, a court should determine: (1) "whether an 'actual controversy' exists between the parties"; (2) whether it has the authority to grant declaratory relief; and (3) whether it should "exercise its broad discretion to decide or dismiss a declaratory judgment action." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000); *see Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993). An actual controversy is one that is substantial, immediate, and between parties with adverse legal interests. *Orix Credit All.*, 212 F.3d at 896.

A declaration can have a proper place in a default judgment. *Alpine Transp. Risk Retention Grp., Inc. v. JFC Transp. LLC*, No. 3:24-cv-48-S, 2025 WL 2816813, at \*6 (N.D. Tex. June 13, 2025) (citing *SUA Inc. Co. v. Buras*, 421 F. App'x 384, 385 (5th Cir. 2011)), *report and recommendation adopted,* No. 3:24-cv-0048-S, 2025 WL 2023173 (N.D. Tex. July 17, 2025). But the decision to award declaratory relief always lies within the court's discretion, *Pub. Affs. Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962), and the Supreme Court has cautioned against declarations of "legal holdings en route to a final judgment," *Hewitt v. Helms*, 482 U.S. 755, 762 (1987), or made in the absence of an "adequate and full-bodied record," *Pub. Affs. Assocs.*, 369 U.S. at 113.

The record here is meager. There has been no trial, discovery, or even a responsive pleading. Williams has not specified exactly what he wants the court to declare. And it is not clear what purpose a declaration would serve. As explained next, Williams is entitled to the stronger medicine of injunctive relief. "The fact that a court *can* enter a declaratory judgment does not mean that it *should.*" *Hewitt*, 482 U.S. at 762. It should not here.

8

### B. Permanent injunction

A party seeking a permanent injunction must show:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Abraham v. Alpha Chi Omega*, 708 F.3d 614, 627 (5th Cir. 2013) (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)). Williams has shown each of those elements.

The first two elements are easy to establish under Title III because suffering discrimination constitutes irreparable injury and Title III does not provide for damages. *Apac*, 2024 WL 4647640, at *9. As noted, ABCD Restaurants' default admits discrimination, so Williams suffered an irreparable injury. *See supra* Part II.C. And because he cannot recover damages, that remedy cannot compensate for his injury.

As for the third and fourth elements, "[c]reating and designating accessible parking spaces is presumptively 'readily achievable,' and is 'low cost and easy to do,'" *Apac*, 2024 WL 4647640, at *9, so the balance of hardships weighs in favor of ordering ABCD Restaurants to provide accessible parking. Indeed, "courts frequently order defendants, on default judgment, to provide ADA-compliant, van-accessible parking spaces." *Id.* And the public interest would not be disserved by the injunction Williams seeks. To the contrary, the injunction would serve the public interest by increasing access to a public accommodation. *See id.*

### C. Attorney's fees

Generally, "each party must pay its own attorney's fees and expenses." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550 (2010). But Congress authorized courts to award the party who prevails in an ADA case "a reasonable attorney's fee." 42 U.S.C. § 12205. Courts use the lodestar method, under which the number of hours an attorney reasonably expended is multiplied by "an appropriate hourly rate, which is the market rate in the community," to calculate fee awards. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013).

Although the lodestar amount carries a strong presumption of reasonableness, *Perdue*, 559 U.S. at 552, courts may reduce or increase it based on the relative weight of the 12 "*Johnson* factors," *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006) (citing *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974)). Those factors are:

> (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 800 n.18. Courts place special emphasis on the first, fifth, eighth, and ninth of those factors. *Id.* at 800.

Williams's attorney, R. Bruce Tharpe, charges an hourly rate of $425. Dkt. 15 at 9. Tharpe's affidavit does not say much about his experience as an attorney. Dkt. 15-1. But it does say that he has 35 years of experience. *Id.* at 3. This court has found rates around $425 reasonable for lawyers working in this division. *See, e.g.*, *Whiteside v. Cimble Corp.*, No. 4:17-cv-404-KPJ, 2024 WL 3825237, at *6 (E.D. Tex. Aug. 14, 2024) (collecting cases). Although this case is not complicated, Tharpe investigated Williams's claim, has significant experience, and has successfully prosecuted Williams's claim. A fee of $425 per hour is reasonable.

The motion for a default judgment states that Tharpe expended 20.5 hours on this case. Dkt. 15 at 9. Multiplying that number by $425 per hour yields $8,712.50 in fees. That is a reasonable figure.

### D. Costs

The ADA also authorizes courts to award costs. 42 U.S.C. § 12205. "Costs" means the items listed in 28 U.S.C. § 1920. *Alejandro v. Prop. Care Sols. LLC*, No. 4:22-cv-00029, 2022 WL 3223176, at *7 (E.D. Tex. Aug. 9, 2022). Williams asserts that his filing fee was $405. Dkt. 15 at 9. That amount is recoverable as a cost. *See* 28 U.S.C. § 1920(1).

## RECOMMENDATION

It is **RECOMMENDED** that the motion for default judgment, Dkt. 15, be **GRANTED**. Williams should be awarded $9,117.50 in attorney's fees and costs. The court should also enter an order permanently enjoining ABCD Restaurants and its agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of its order from discriminating on the basis of disability. The court's injunction should also order ABCD Restaurants to alter One Stop to make it readily accessible to and usable by individuals with disabilities in accordance with 42 U.S.C. § 12182.

\*   \*   \*

Within 14 days after service of this report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1).

A party is entitled to a de novo review by the district court of the findings and conclusions contained in this report only if specific objections are made. *Id.* § 636(b)(1). Failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

So **ORDERED** and **SIGNED** this 23rd day of January, 2026.

_____

Bill Davis
United States Magistrate Judge

11